# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHAD ROBERT BULLOCK , | ) | |
| | ) | |
| Debtor-Appellant, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-310-SMY |
| | ) | |
| RUSSELL C. SIMON, | ) | Bankruptcy Case No. 14-40875 |
| | ) | |
| Trustee-Appellee. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Debtor/Appellant Chad Robert Bullock's appeal of the March 1, 2019 Order of the Bankruptcy Court. Appellant and Appellee Russell Simon ("the Trustee") filed Briefs (Docs. 4 and 7), and Appellant filed a Reply Brief (Doc. 8). Appellee subsequently filed a Motion to Dismiss (Doc. 15). For the following reasons, the Motion to Dismiss is **GRANTED** and this Appeal is **DISMISSED as moot**.

### Background

Appellant filed his Chapter 13 Petition on August 5, 2014. Neither Appellant's Schedule B nor his Statement of Financial Affairs referenced a potential worker's compensation claim. Appellant was to make plan payments for a period of sixty (60) months. The Plan, which was confirmed on October 17, 2014, further provided that, "Property of the estate shall revest in the[Appellant] upon confirmation of the [Appellant's] Plan, subject to the rights, if any, of the [Appellee] to assert a claim to additional property of the estate acquired by [Appellant] post-petition pursuant to 11 U.S.C. § 1306."

On June 28, 2018, Appellee filed a motion to compel Appellant to file an Amended Plan and an Amended Schedule B to include settlement of the previously undisclosed worker's compensation claim. In response, Appellant filed an Amended Schedule B on July 6, 2018, listing the settlement. He also filed an Amended Schedule C to claim an exemption in the settlement proceeds pursuant to 820 ILCS 305/21 and 735 ILCS 5/12-1001(b) respectively. According to the Amended Schedule B, Appellant was injured at work and initiated a worker's compensation action against his employer in 2014. The gross settlement was $125,000.00, of which Appellant received $92,430.84. However, by the time the settlement was disclosed to Appellee and the bankruptcy court, Appellant had spent virtually all the proceeds.

On July 20, 2018, Appellee moved to compel and for turnover; requesting an order compelling Appellant to turn over the worker's compensation award to the bankruptcy estate and requiring Appellant to file an Amended Plan to provide for turnover of the funds. In support of The Motion, Appellee argued that pursuant to 11 U.S.C. §§ 541(a) and 1306(a), the proceeds of the worker's compensation settlement constituted property of the bankruptcy estate which were subject to turnover pursuant to 11 U.S.C. § 542. Further, he contended the funds were disposable income that must be turned over to the estate for the benefit of the Debtor's unsecured creditors.

Appellant did not file an objection to the Motion. Instead, he filed a Complaint for Declaratory Judgment seeking a declaration that the worker's compensation award was neither property of the bankruptcy estate nor "disposable income" as defined by the Bankruptcy Code. Appellant also requested that the bankruptcy court find he was not required to amend his Plan to provide for turnover of exempt property that was acquired post-petition.

Following a hearing and on March 1, 2019, the bankruptcy court granted Appellee's Motion, denied Appellant's request for declaratory judgment, and entered an Order requiring

Appellant to file an Amended Plan within 30 days, providing for 100% repayment to his unsecured creditors. On March 14, 2019, Appellant filed a Notice of Appeal and Statement of Election as to the March 1, 2019 Order. However, while the appeal was pending, Appellant voluntarily complied with the Order and amended his Plan twice.

On November 6, 2019, the bankruptcy court held a hearing on the Appellee's motion to dismiss the bankruptcy case on the basis that Appellant was in default of a material term of his confirmed plan. The bankruptcy court granted Appellee's motion and the bankruptcy case was dismissed. The deadline to file a motion to reinstate the case expired on November 20, 2019 and Appellant did not seek to reinstate the case.

On November 21, 2019, the bankruptcy court issued a notice of dismissal to all creditors and parties in interest, indicating that "the case will be closed without further notice." The Order of Dismissal did not include language retaining jurisdiction over any pending adversary proceeding or any other matters. Following dismissal, Appellee filed a motion to dismiss this appeal, asserting that this Court lacks jurisdiction because (1) the bankruptcy case has been dismissed and (2) Appellant complied with the March 1, 2019 Order, thereby mooting this appeal.

## Discussion

Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court. The district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings." Fed.R.Bankr.P. 8013; *see also In re Krueger*, 192 F.3d 733, 737 (7th Cir. 1999). As an initial matter, this Court must determine whether it has jurisdiction to decide the appeal due to the dismissal of the bankruptcy case. Appellant argues that district courts, sitting as appellate courts

over bankruptcy appeals, have statutory jurisdiction to enter orders dealing with the issues on appeal, including the power to order a case reopened so that appropriate orders can be entered.

Generally, when a bankruptcy proceeding is dismissed, all related proceedings are automatically dismissed. *See, e.g. In re Statistical Tabulating Corp., Inc.,* 60 F.3d 1286, 1289 (7th Cir. 1995). In other words, if dismissal of the bankruptcy case moots the underlying controversy in the related adversary proceeding, then the adversary proceeding is properly dismissed. *Id.* (citing *In re Income Property Builders, Inc.,* 699 F.2d 963 (9th Cir.1982)).

Here, the Court finds that two separate occurrences render this appeal moot. First, while this appeal was pending, Appellant amended his Plan to comply with the Order he seeks to appeal. Secondly, the matter on appeal – the bankruptcy court order requiring Appellant to amend his Plan – was entirely dependent upon the existence of the bankruptcy case. Because the bankruptcy case has been dismissed, the question of whether Appellant must file an amended plan is irrelevant.

## Conclusion

For the foregoing reasons, Appellee's Motion to Dismiss (Doc. 15) is **GRANTED** and this appeal is **DISMISSED as MOOT**.

**IT IS SO ORDERED.**

**DATED: March 26, 2020**

**STACI M. YANDLE**
**United States District Judge**